**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.  09-20119-JWL |
| ) | 12-02104-JWL |
| **JAIME RODRIGUEZ,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Defendant Jaime Rodriguez pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine, more than 50 grams of methamphetamine, and a mixture and substance containing marijuana (docs. 426, 427).  He received a sentence of 121-months imprisonment (doc. 632).  Mr. Rodriguez filed a *pro se* notice of appeal (doc. 643), but he later withdrew the appeal (doc. 892).

Mr. Rodriguez has now filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (doc. 901).  The defendant identifies three propositions of error:

(1) Mr. Rodriguez received ineffective assistance of counsel in violation of the Sixth Amendment by his attorney's (a) failure to challenge a prior conviction at sentencing, (b) failure to object to the Presentence Report's findings regarding drugs "other than marijuana," (c) failure to allow the defendant to review the Presentence Report in a timely manner, (d) allowing the defendant to plead guilty to "a gun charge," and (e) failure to raise the issue of cultural assimilation and familial ties at sentencing.

>    (2) At sentencing, the court erroneously failed to grant a downward departure based on cultural assimilation.
>
>    (3) Mr. Rodriguez was not advised of his right to contact the Mexican Consulate upon his arrest in violation of Art. 36 of the Vienna Convention.

The defendant requests an evidentiary hearing to address these issues (doc. 901). In response (doc. 920), the Government moves to enforce the plea agreement Mr. Rodriguez signed, which included a waiver of the right to challenge his sentence on collateral attack.

For the reasons discussed below, Mr. Rodriguez's § 2255 petition is dismissed.

## DISCUSSION

**1. Standard**

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. The court must hold an evidentiary hearing on a § 2255 motion "'[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting § 2255). A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.

*Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also United States v. Sanchez*, No. 96–7039, 1997WL8842, at *3 (10th Cir. Jan. 10, 1997) ("[D]efendant's conclusory allegations . . . which contradict the record made at the plea hearing, were insufficient to require an evidentiary hearing.").

**2. Enforcement of the Plea Agreement**

The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Thus, a knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived the rights, and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

*A.    Scope of the Waiver*

In determining whether the remaining disputed issues fall within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The provision in the plea agreement by which Mr. Rodriguez waived his right to challenge his sentence

through collateral attack states as follows:

> The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179,1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2), and a motion brought under Fed. Rule of Civ. Pro. 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

The plea agreement is construed "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1343.

Bearing these principles in mind, Mr. Rodriguez clearly waived the right to challenge each of the claims set forth in his § 2255 petition. Specifically, the defendant waived his right to challenge his attorney's performance at sentencing and the sentence imposed by the court. In addition, the defendant waived his right to collaterally attack

4

an alleged error–failure to notify him of his right to contact the Mexican Consulate–that occurred prior to the entry of his guilty plea.[1]  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea.").

Thus, each of Mr. Rodriguez's propositions of error fall within the scope of the waiver he signed.

### B.     *Knowing and Voluntary*

In assessing the voluntariness of a defendant's waiver, the court looks primarily to two factors–whether the language of the plea agreement states that the defendant entered the plea agreement knowingly and voluntarily and whether there was an adequate Rule 11 colloquy.  *See United States v. Smith*, 500 F.3d 1206, 1210-11 (10th Cir. 2007).

Both conditions are satisfied here.  Paragraph 14 of Mr. Rodriguez's plea agreement expressly states that he "knowingly and voluntarily waives any right to appeal

---

[1] Notably, the record reveals that Mr. Rodriguez was advised of his right to contact the Mexican Consulate during his arraignment conducted by Magistrate Judge O'Hara (Audio Recording, doc. 141).  As such, even had Mr. Rodriguez not waived his right to advance the claim, it would be overruled as the claim is contradicted by the record.

or collaterally attack any matter in connection with this prosecution, the defendant's conviction or the components of the sentence." *See United States v. Leon*, 476 F.3d 829, 834 (10th Cir. 2007) (concluding that a defendant did not meet the burden of showing that the waiver was unknowing and involuntary in part because plea agreement contained broad waiver that defendant "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence").

In addition, the court, during its Rule 11 colloquy with Mr. Rodriguez, the court specifically questioned the defendant to make clear that he understood that he was waiving his right to challenge his sentence through a § 2255 motion (doc. 926, at 28-29). Mr. Dominguez indicated that he entered his guilty plea freely and voluntarily and that no on e induced him to plead guilty (*id.* at 28-35). The defendant was provided with a Spanish-speaking interpreter during the colloquy, and he makes no suggestion that he did not understand the court's questions.

In his reply, Mr. Rodriguez asserts, without support, that his plea was not knowing or voluntary because he did not understand "what relevant conduct meant when [he] was told what waiver meant" (doc. 931, at 2). At the plea colloquy, however, the court thoroughly explained the sentencing process to Mr. Rodriguez, including the role of the United States Probation Office in determining the defendant's relevant conduct (doc. 926, at 14). The defendant said that he understood the sentencing process as explained by the court (*id.* at 19). Thus, the record shows that the defendant was advised

as to the sentencing process, including the Probation Office's determination of relevant conduct.

As Mr. Rodriguez's conclusory allegation is unsupported by the record, the court finds that his plea was voluntarily entered into without any impermissible inducement. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court [affirming a plea agreement] carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

### *C.     Miscarriage of Justice*

Enforcing a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327.

Here, Mr. Rodriguez makes no argument as to any of these points. The court cannot find that enforcing the waiver would be a miscarriage of justice.

### **3. Evidentiary Hearing**

Mr. Rodriguez requests an evidentiary hearing to "determine the issues and make findings of fact and conclusions of law" (doc. 901, at 7). Because the defendant's arguments are contracted by the record or inherently incredible, his request for an

evidentiary hearing is denied. *See Arredondo*, 178 F.3d at 782.

## 4. Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). For the reasons stated above, Mr. Dominguez has not made a substantial showing of the denial of a constitutional right. The court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that the Government's motion to enforce the waiver of collateral attack (doc. 920) is granted, and Mr. Rodriguez's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 901) is dismissed.

---

[2] The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

**IT IS SO ORDERED** this 12th day of June, 2012.

                                          s/ John W. Lungstrum
                                          John W. Lungstrum
                                          United States District Judge